WILLS AND MITCHELL v. JAMES ABBEY AND OTHERS, ADM'RS.

A deputy surveyor, in 1846, made a contract with the owner of a land certificate to locate the same, pay all expenses, and obtain a patent. While in office he made the survey and located the certificate; after the expiration of his term of office he paid the public dues: *Held*, that the contract was contrary to law, (Hart. Dig., art 1790,) and that the fact that there was something to be done after the expiration of his term of office did not entitle him to have his contract enforced.

The case of Hunt v. Turner, 9 Tex. Rep., 386, and the principle therein laid down, discussed and explained.

The policy of the State in relation to the location and survey of the public lands, and especially the policy of prohibiting surveyors from purchasing or acquiring an interest in the public lands, is the same to-day as when the statute of 1836 (Hart. Dig., p. 564) was enacted.

If a contract for an interest in land is made with a surveyor or deputy surveyor, while in the discharge of his official duties, and the location and survey were made while he was acting officially, the contract will be invalid.

APPEAL from Hill. Tried below before the Hon. John Gregg.

This suit was brought by appellants, as administrators of the estate of David R. Mitchell, deceased, against James H. Abbey and others, to have one-third part of a league and labor of land set apart to them, as administrators aforesaid, or to recover the value thereof in money.

Wills v. Abbey.

John Caruthers, in 1846, made a verbal contract with James H. Abbey to locate a certificate for a league and labor, pay all expenses and obtain a patent therefor, for one third of the land to be so located. Caruthers, not being able to locate the certificate, delivered it to the plaintiffs' intestate, David R. Mitchell, and told him that if he would locate the same, pay all expenses and obtain the patent, he would transfer to him all his interest in the contract. Mitchell located the certificate, paid all expenses, and obtained the patent. His administrators sued Abbey and other parties, to whom he had sold portions of the land, to have one-third part of the land set apart to them, or to recover the value thereof in money. Abbey pleaded several defences; among others, that David R. Mitchell was deputy surveyor of the district in which the land was located; that while he was deputy surveyor he made the survey and location; that the alleged contract, if any was ever made, was illegal and void. It was in proof that Mitchell was deputy surveyor, and made the location as alleged. As to whether Abbey subsequently ratified the transfer of Caruthers to Mitchell, the evidence was conflicting. That Mitchell paid the public dues and procured the patent subsequent to the expiration of his term of office might be inferred from the facts.

A jury was waived, judgment rendered for defendant, and plaintiff appealed.

*Prendergast*, for appellants.—Insisted that the act (Hart. Dig., art. 1844,) did not include within its prohibitions a deputy surveyor; but, if inhibited, yet as the contract was completed after the inhibition was removed, and the equities were strongly in favor of sustaining the contract, it brought the contract within the rule laid down in the cases of Hunt's heirs v Robins' heirs, 1 Tex. Rep., 762, and Hunt v. Turner, 9 Tex. Rep., 389.

*Scott*, for appellee.

BELL, J.—We are of opinion that the court below did not err in the judgment which was rendered. The contract between Caruthers and the deputy surveyor, Mitchell, was contrary to law,

(Hartley's Dig., art. 1790.) Public policy required that the officers chosen to locate and survey the public lands should not be permitted to speculate in them, or to acquire interests in them, which would present to such officer the temptation to take advantage of the information which their official positions enabled them to acquire, to the detriment of the holders of certificates generally. (Flanikin v. Fokes, 15 Tex., 180; DeLeon v. White, 9 Tex., 598.)

We are also of opinion that there is nothing in this case to bring it within the principle laid down by this court in the case of Hunt v. Turner, 9 Tex., 386, and other cases, in which it has been held by this court that a contract originally made in contravention of law would not necessarily be set aside, where, after the removal of the legal inhibition, there had been such acquiescence in the contract, and acknowledgment or ratification of it, as to give rise to overpowering equities in behalf of the party claiming under it. The cases referred to did not proceed upon the idea of a ratification of the original contract, but upon the fact of a new contract after the removal of the legal inhibition, or upon proof of circumstances creating equities superior to the legal title. The policy of the State in relation to the location and survey of the public lands, and especially the policy of prohibiting surveyors from purchasing or acquiring an interest in the public lands, is the same to-day as when the statute of 1836, to which reference has been made, was enacted. Nor can the proposition be maintained that the contract will be enforced because something remained to be done to its complete execution, after the expiration of the surveyor's term of office, such as the payment of the public dues. If the contract was made with a surveyor or a deputy surveyor, while in the discharge of his official duties, and the location and survey were made while he was acting officially, that is enough to invalidate the contract. Any other rule would enable a surveyor to take the fullest advantage of his official position, and by a timely resignation of his office, reap all the benefits arising from contracts which he was forbidden to make.

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.