THE BOARD OF SUPERVISORS OF OCONTO COUNTY VS. HALL, imp.

COUNTY BOARD AND COUNTY TREASURER. *(1, 5) Disqualification of members of county board to vote on resolution. (2) Discharge of principal releases surety. (3) Liability of county treasurer to county for drainage fund. (4) What majority required to pass resolution. (5) Case stated: Resolution not passed. (6) Quære as to power of county board in any case to release treasurer from legal liability. (7) Notes given on illegal compromise invalid.*

1. Members of a legislative body or municipal board are disqualified to vote therein on propositions in which they have a direct pecuniary interest adverse to the state or municipality which they represent; and this rule applies to a board of county supervisors.

2. The discharge or release of a county treasurer from his legal liability for funds in his hands would discharge also his sureties.

3. The county treasurer and the sureties on his *drainage-fund* bond are liable *to the county* for any conversion of the drainage fund by such treasurer, although the county holds that fund in trust for the towns entitled to it; and such sureties, being members of the county board, are therefore disqualified to vote upon any proposition to release the treasurer from his legal liability for a conversion of such funds.

4. To pass a resolution at a meeting of a county board, a number of persons *qualified to vote* upon such resolution, sufficient to constitute a majority of the whole board, must not only be present at the meeting, but must *actually vote* upon the resolution; and where the contrary fact appears, the resolution is treated as a nullity.

5. Where a county treasurer had converted drainage and other funds of his county, seven of the ten members of the county board were present, and voted upon a resolution to compromise with the treasurer by taking new securities for a smaller sum than that converted, and discharging the treasurer. Two of the seven were sureties on the treasurer's drainage-fund bond; and one of these voted for and the other against the resolution, which received five affirmative votes. *Held*, that the resolution was not passed.

[6. Whether it is competent for a county board, in any case, to discharge the treasurer and his sureties from liability on his official bond, without a full compliance with its conditions, and (if so) what are the limitations of this power, or the conditions of its exercise, are questions not here considered.]

7. Notes given by the county treasurer, and a mortgage to secure them given by a third person, in pursuance of the scheme of compromise expressed in the resolution aforesaid, *held* invalid for want of a consideration.

APPEAL from the Circuit Court for *Oconto* County.

The action is for the foreclosure of a mortgage executed by the defendant *Ben. R. Hall* to the county of Oconto, to secure the payment of four promissory notes, amounting to $7,500, made to the county by the defendant Richard L. Hall.

The case was here on a former appeal from an order of the circuit court overruling a demurrer to the complaint. 42 Wis., 59. A sufficient statement of the complaint will be found in the report.

After the cause was remitted, the defendant *Ben. R. Hall* answered, alleging, among other things not necessary to be stated, that his codefendant Richard L. Hall was treasurer of Oconto county from January, 1863, to January, 1873; that during his last three terms of office he converted to his own use about $69,000 of the funds of the county in his hands as such treasurer; that he received said funds mainly on sales of lands for nonpayment of taxes, and of tax certificates belonging to the county, and from the state treasurer upon the delinquent taxes collected by him for, and the drainage funds belonging to, the county; that a large portion of the moneys so embezzled belonged and was due to the several towns in the county, under various statutes, and a portion thereof was due to the state on account of state taxes apportioned to the county; and that the defaulting treasurer (the defendant Richard L. Hall) made a proposition to the plaintiff board of supervisors for a settlement and adjustment of his defalcation, in which he offered to pay the county in various ways (partly in county orders) $32,500, of which amount $7,500 was to be paid in four equal annual installments, the payment thereof " to be secured by real estate or personal security — the said security as above to be satisfactory to the committee of the board." The proposition concludes as follows: " When the above orders and notes are delivered to the committee, the same to be received in full payment and satisfaction of the

claims and indebtedness of the county against me, and to entitle me and my sureties to a release."

The answer further alleges that the board of supervisors of Oconto county then consisted of ten members, and that, at a meeting of the board which was attended by but seven of the members, action was taken upon the above proposition, and by a vote of five to two the board adopted the following resolution:

"*Resolved*, That the proposition in writing this day made by Richard L. Hall to this board, for the settlement of his liabilities and debts to the county of Oconto, be and the same is hereby accepted and ordered spread upon the records; and that when he shall comply with his said proposition, he shall from that time be fully released from all liabilities to the county of Oconto; and W. A. Ellis, H. M. Royce and W. W. De Lano are hereby appointed a committee to carry said proposition and this resolution into effect; and they, or a majority of them, are hereby empowered, in the place of this board, to release him, and to execute and deliver in the name and on behalf of Oconto county all requisite and proper instruments in writing in the premises."

The answer then alleges as follows: "That, in compliance with the proposition submitted in the foregoing petition by said Richard L. Hall, and in pursuance of the resolution aforesaid accepting said proposition, and in consideration that a compliance with said proposition by said Richard L. Hall would entitle him as treasurer, and his sureties as such, to a full and complete discharge from all indebtedness to said county on account of the defalcation aforesaid, and to a full release from all liabilities on account thereof, and not otherwise, the said Richard L. Hall entered upon the performance of said proposition and resolution; that, as a part of the performance of said proposition, and as a compliance therewith, and in the full faith that a compliance therewith on the part of said Richard L. Hall would ensure to said Hall and to his

sureties perpetual release and discharge from all liabilities on account of the defalcation aforesaid, as in said petition claimed and demanded, and as a part of the consideration for said discharge, said Richard L. Hall executed the notes, and the defendant *Ben. R. Hall* executed the mortgage, as in the amended complaint alleged; that said notes and mortgage were approved by the committee in said resolution named as a part of the payment in said proposition offered; that the said Richard L. Hall did fully comply with the terms of said proposition and resolution, and the giving of the said mortgage by the defendant *Ben. R. Hall* was a part of the compliance therewith."

It is further alleged in the answer, that two of the members of the board of supervisors who were present and voted on the above resolution — William Ellis, who voted for its adoption, and William Brunquest, who voted against it, — were sureties in certain official bonds of Richard L. Hall as such treasurer; Ellis in the treasurer's drainage-fund bond of 1870, and Brunquest in the corresponding bonds of 1867 and 1869; during which years defalcations of the treasurer occurred in respect to those funds.

The plaintiff demurred to the answer of the defendant *Ben. R. Hall* on the ground that it failed to state a defense to the action, and appealed from an order overruling the demurrer.

*W. H. Webster*, for the appellant.

For the respondent, there was a brief by *Fairchild & Fairchild*, and oral argument by *H. O. Fairchild*.

LYON, J. When the cause was here on the former appeal, we thought the complaint alleged, in substance, that the mortgage of the defendant *Ben. R. Hall* was voluntarily given as additional security, *pro tanto*, for the defalcation of the defendant Richard L. Hall as county treasurer; and it was held competent for the board of supervisors to take such additional security. It was also held that the complaint contains no suf-

ficient averments to raise the questions of the power of that board to compromise with the defaulting treasurer, and its power to release, in whole or in part, the right of action on his official bonds. 42 Wis., 59.

But the answer of the defendant *Ben. R. Hall* raises these questions, and also the question whether the resolution accepting the proposition of Richard L. Hall, and releasing him from all liability to the county on compliance with its terms, was adopted at a meeting of the board at which a legal quorum of the members attended and acted upon the resolution.

In the view we take of this case, we are not required to determine whether the county board of supervisors may compromise such a claim and accept less than the amount actually due in full discharge of the claim, or whether the board may discharge the treasurer and his sureties from liability upon the official bond of the former without a full compliance with the conditions of such bond; or, if the board has such power, what are the conditions and limitations (if any exist) upon its exercise. These are very important questions, and they are not free of difficulty. We prefer to leave them undetermined until a case shall arise requiring their determination. For the purposes of this appeal it will be assumed that the county board of supervisors is vested with those powers, without condition or limitation.

The answer alleges, in substance, that the mortgage in suit, and the notes of Richard L. Hall which such mortgage was given to secure, were executed pursuant to the proposition of the latter to the board of supervisors for a compromise of and discharge from his indebtedness to the county, and upon the sole consideration that Richard L., and the sureties in his official bonds, should be released and discharged from all liability on account of such defalcation. Under these averments, we suppose neither argument nor citation of authorities is necessary to show that if Richard L. Hall and his sureties have not been so released and discharged, the considera-

ation for which the notes and mortgage were given has entirely failed, and that no action by or on behalf of the county can be maintained to enforce them.

These preliminary observations bring us to the consideration of the question, Was the meeting of the board of supervisors at which the resolution to accept the proposition of Richard L. Hall was adopted, composed of a lawful quorum of the members of the board? If it was not, its action in the premises is null and void, and Hall and his sureties are still liable on the official bonds of Hall for the amount of his defalcation.

The general rule of the common law is, that members of a legislative body or municipal board are disqualified to vote therein on propositions in which they have a direct pecuniary interest adverse to the state or municipality which they represent. The rule is founded on principles of natural justice and sound public policy. Perhaps the only recognized exception to this rule is the case where the body or board is permitted to fix the compensation of its members. This exception goes upon the necessity of the case, and the fact that all of the members are equally interested; and it has been well said that no principle can be derived from it. Cushing's Law and Practice of Legislative Assemblies, § 1839. The above rule has been recognized by this court, and the principle of it extended and applied to officers of corporations not municipal. In *Walworth County Bank v. F. L. & Trust Co.*, 16 Wis., 629, it was applied to an officer of a railroad company; and in *United Brethren Church v. Vandusen*, 37 Wis., 54, to the trustees of a church society. The principle was also applied to a school-district officer in *Pickett v. School District*, 25 Wis., 551.

In *Coles v. Trustees of Williamsburgh*, 10 Wend., 659, the same principle was applied to a village trustee. Mr. Justice NELSON said, in substance, that such trustee was disqualified

by general principles of law to vote on a certain proposition before the board of trustees affecting his property.

Ellis and Brunquest, who voted on the resolution under consideration, were sureties in official bonds of Richard L. Hall, conditioned for the proper disbursement of the drainage funds in his hands during certain years. Hall converted to his own use portions of the funds in respect to which such bonds were given; and if he was liable to the county for such conversion, the resolution contemplated his release from liability therefor. Of course the release of Hall would operate to release his sureties.

That the county was primarily liable for the proper application of these funds, and that Richard L. Hall and his sureties were liable to the county on his special drainage-fund bonds for any misappropriation of the funds, we cannot doubt. The drainage fund is constantly referred to in the statutes relating to it as belonging to the counties. It is provided by law that the lands from the sale of which the fund is derived, shall be held by the land commissioners of the state in trust for the counties respectively entitled to the fund. Moreover, the special bond of the county treasurer for the proper disbursement of the fund ran to the chairman of the county board of supervisors. Laws of 1865, ch. 537; Laws of 1869, ch. 151; R. S., secs. 253–4. True, the fund was received by the treasurer in trust for the towns entitled to it; but that is quite immaterial. A large percentage of the money that finds its way into public treasuries is held in trust for some persons or corporations. School money for distribution to districts is so held. Yet no one doubts that if a county treasurer should embezzle such money, he and the sureties in his official bond would be liable to the county therefor in an action on such bond. The legal title to the funds (so to speak) is in the county, and that is sufficient to uphold an action on the bond by or on behalf of the county.

We conclude that Ellis and Brunquest were severally liable to the county for portions of the money converted by Richard L. Hall to his own use, and were disqualified to vote on the resolution which aimed to release Hall from liability therefor, inasmuch as the release of Hall would release them. They were each liable to the county for a sum of money. The proposition before the board was to release them from such liability without full payment. Hence, they each had a direct pecuniary interest in the proposition, adverse to the county. They come within the rule above stated, and their votes on the resolution accepting the proposition are null and void.

When the resolution was adopted, the board of supervisors of Oconto county consisted of ten members, seven only of whom were present and voted on the resolution. Six members were required to constitute a quorum for the transaction of business. Without that number the board could do no valid act, except, perhaps, to compel the attendance of absentees or to adjourn.

Rejecting the votes of Ellis and Brunquest, but five members voted on the adoption of the resolution. No quorum voting, the vote is inoperative for any purpose. This is the rule of all deliberative bodies of which we have any knowledge. When a vote is taken and the result shows that no quorum has voted, the vote is not declared, and proceedings on the order of business are suspended until a quorum can be obtained; and it is quite immaterial that there is a quorum actually present, if no quorum votes. Hence, it does not aid the attempted action of the five members who voted, that Ellis and Brunquest were present.

We are compelled to hold, therefore, that the action by less than a quorum of the board upon the resolution is inoperative; that the resolution was not adopted; and that the liability of Richard L. Hall and his sureties on his official bonds is not released or affected by the attempted action of the board.

It follows that the facts stated in the answer show that there

was no consideration for the mortgage in suit, and the notes which it was given to secure. This being a valid defense to the action, the demurrer to the answer was properly overruled.

*By the Court.* — Order affirmed.