## STATE ex rel. BLAINE, Co. Atty., v. DALE et al.

No. 17136. Opinion Filed Sept. 27, 1927.

(Syllabus.)

1. **Counties—Authority of County Attorneys to Prosecute Action Against County Commissioners and Bondsmen for Illegal Expenditures of Public Funds—Appeals.**

The county attorneys of the several counties of this state are authorized to maintain in the name of the state for and on behalf of the county an action against the individuals composing the board of commissioners and their several bondsmen for the illegal expenditure of public funds and are authorized to prosecute an appeal to this court from a judgment against the county in such actions.

2. **Same — Defendant Commissioners as Board Without Power to Direct Dismissal of Appeal by County Attorney.**

The defendant commissioners in such an action are disqualified because of their pecuniary interest adverse to the county from taking any official action in such proceedings, and a resolution passed by them in their official capacity directing the county attorney to dismiss an appeal from a judgment adverse to the county is void and of no effect because contrary to public policy.

**3. Same—Sufficiency of Petition in Action Against Commissioners.**

Record examined in instant case; held, petition states a cause of action and the demurrers thereto were improperly sustained.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by the State on relation of T. R. Blaine. County Attorney of Ellis County, against Floyd C. Dale and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded. with directions.

T. R. Blaine. for plaintiff in error.

Edward Spiers, Perry J. Morris, and Ross & Thurman, for defendants in error.

HUNT, J. This is an appeal from the district court of Ellis county, Okla., in an action wherein the plaintiff in error was plaintiff, and the defendants in error herein were defendants. The parties will be referred to here as they appeared in the lower court.

The petition has three causes of action, each cause of action being for the recovery of money on a certain claim allowed and paid the defendant Boardman Company in excess of the estimate made and approved by the excise board of Ellis county for the fiscal year in which the work was done and indebtedness incurred, and being prosecuted against the individual members of the board of county commissioners of Ellis county, the sureties on their official bonds, and the Boardman Company.

At the April, 1925, term of the district court of Ellis county a grand jury duly impaneled in Ellis county directed the county attorney to institute suit to recover upon claims so paid in excess of the approved estimate. At the time the grand jury report was returned to the district court the court approved the report, and specifically directed the county attorney to fi'e such action against the parties receiving such moneys and also against the officers approving and allowing the claims.

The defendants each demurred to the petition of plaintiff on the grounds that plaintiff had no legal capacity or authority to maintain the action, and that the petition did not state facts sufficient to constitute a cause of action against the defendants. The court sustained such demurrers, and the plaintiff elected to stand upon its petition and the amendment thereto, whereupon the court entered its order and judgment

dismissing said cause, and from said order and judgment of dismissal this appeal is prosecuted.

We think it well to incorporate herein the petition to which the demurrers were sustained, but, since the allegations of the petition as to all three causes of action are the same except as to the amounts and items of the claims, only the first cause of action is set out.

The petition, omitting the formal parts, contained the following allegations on the first cause of action:

"That on or about the—day of April, 1923, C. V. Word, county engineer of said Ellis county, under and by virtue of instructions received from the board of county commissioners of said Ellis county, ordered and directed the defendant, the Boardman Company of Oklahoma City, Okla., to do and make the repairing of a 50-foot truss four miles northwest of Shattuck, Okla., in Ellis county, a more accurate or definite description or location whereof is to said plaintiff unknown, which said contract as made by the said county engineer, acting under the instructions of said board of county commissioners, was in excess of the estimate made and approved by the county excise board of Ellis county, Okla., in which said contract was so made, for repairing and building bridges in said county for the fiscal year beginning July 1, 1922, and ending June 30, 1923; that the fact that no funds existed with which to pay for said repair work on said bridge or truss aforesaid, and that the same was in excess of the appropriations made as aforesaid, was well known to the said defendants, to wit: Floyd C. Dale, A. C. Oliver and B. W. Clark, and to said Boardman Company, at all the times hereinafter mentioned, and was so known to be excessive to the full amount of said claim and indebtedness therefor as is hereinafter stated.

"That thereafter, and on October 1, 1923, said Boardman Company filed its civil cause No. 3156 in the district court of Ellis county, Okla., against the said board of county commissioners of said county, for the purpose of recovering the sum of $893.23 from said Ellis county for repairing said truss aforesaid, under said illegal and void contract and indebtedness incurred as aforesaid, and that said board of county commissioners, of which the said defendants Dale, Oliver and Clark were then members thereof. failed and neglected to make a proper defense thereto, but that said district court refused and declined to enter any judgment therein against said county on said void and illegal contract or indebtedness, as aforesaid, notwithstanding that said board of county commissioners had wholly failed to interpose proper defense to said action, all of which facts were well known

to the defendants, to wit: B. W. Clark, Floyd C. Dale, A. C. Oliver and the Boardman Company, at all the times hereinafter mentioned.

"That on or about the 20th day of February, 1924, said Boardman Company filed its claim No. 828, with the county clerk of said Ellis county for the said sum of $893.-23, so claimed to be due to said Boardman Company under said illegal and void contract and indebtedness for repairing said truss aforesaid, as above stated. That thereafter, and on or about the 3rd day of March, 1924, at the regular March, 1924, meeting thereof, the said defendants, to wit: A. C. Oliver, Floyd C. Dale, and B. W. Clark, as such board of county commissioners of said county, did audit, approve and allow said claim as a just claim against said county, but did refuse to make payment thereof for the reason there existed insufficient funds to pay said claim, and said board of county commissioners, acting through its chairman, to wit, A. C. Oliver, did indorse said approval thereon, as will more fully appear from a true and correct copy of said claim, which, with all indorsements thereon, is hereto attached, marked exhibit 'D' and made a part of this petition.

"That thereafter, and on or about the 4th day of March, 1924, said Boardman Company, filed its second action against the said board of county commissioners of Ellis county, in the district court of said Ellis county, same being cause No. 3200 therein, and being for the purpose of recovering said sum of $893.23 from said Ellis county, for repairing said truss as aforesaid under said illegal and void contract.

"That thereafter, on the 2nd day of July, 1924, and after the expiration of the fiscal year in which said illegal indebtedness was made, to wit, in the fiscal year ending June 30, 1923, the said Boardman Company, defendant herein, filed its claim No. 1504 for the sum of $893.23, and being for the said repairing of said truss four miles northwest of Shattuck, Okla., as aforesaid, and being for the identical claim for which said Boardman Company had filed its said actions Nos. 3156 and 3200, as aforesaid, against said board of county commissioners, and, upon which payment had been refused as aforesaid for want of funds.

"That thereafter, on the 7th day of July, 1924, after the expiration of the said fiscal year in which said alleged contract was made and said illegal indebtedness was incurred, as aforesaid, and after the refusal of the said board of county commissioners to pay the amount of said claim by reason of there being no funds for the then current year to pay the same, and at the regular July, 1924, meeting of said board of county commissioners, and while said cause No. 3200 was pending in the district court of said Ellis county, said board of county com-

missioners did audit and allow the last mentioned claim No. 1504, filed July 2, 1924, in the sum of $893.23, and did, through the chairman of said board, to wit, A. C. Oliver, indorse the approval thereof upon said claim. A true and correct copy of said claim, with all indorsements thereon is hereto attached, marked exhibit 'E' and made a part of this petition. That thereafter, on July 8, 1924, a warrant was issued by said board of county commissioners in the said sum of $893.23 duly attested by O. E. Helton, county clerk of said county, payable to the order of said Boardman Company, and for bridge material of the general fund of the county aforesaid, for the fiscal year beginning July 1, 1923, and ending June 30, 1924, and which warrant was duly registered by the county treasurer of said county, delivered to said Boardman Company, and paid by said county, in the sum of $893.23. That a full, true and complete copy of said warrant with all indorsements thereon is hereto attached marked exhibit 'F' and made a part hereof.

"That said claim No. 1504 was so approved, allowed, acknowledged and ordered paid by the defendants A. C. Oliver, B. W. Clark, and Floyd C. Dale, as members of and comprising said board of county commissioners, with full knowledge that the same was incurred in excess of the estimate made and approved by the excise board of said county for the fiscal year beginning July 1, 1922, and, ending June 30, 1923, and with full knowledge that the said sum of $893.23, as claimed by said Boardman Company, was not a legal and proper charge against said county for the fiscal year ending June 30, 1924, in which year the same was paid, and that said Boardman Company knowingly received and was paid the said sum of $893.23, as aforesaid, with full knowledge on the part of said Boardman Company that said claim was illegal, invalid and not a legal and proper charge against said county. That said claim was approved and allowed, said warrant issued, received and paid, as aforesaid, by reason of and in furtherance of a collusion on the part of the defendants A. C. Oliver, B. W. Clark, and Floyd C. Dale, as members of the said board of county commissioners, and the said Boardman Company, to wrong and defraud the said Ellis county out of the said sum of $893.23, and to pay to said Boardman Company the said sum of $893.23, knowing the same to be illegal and invalid as aforesaid.

"Plaintiff states that the acts and conduct on the part of said defendants, to wit: A. C. Oliver, Floyd C. Dale, and B. W. Clark, as herein alleged, and set forth, constitute violation and breach of the conditions of the said official bonds of said defendants.

"That by reason of the premises aforesaid, said county of Ellis has sustained an in-

jury and loss in the said sum of $893 23, and that said defendants are justly and truly indebted 'to said county in the said sum, with lawful interest, for which demand has been made upon the said defendants, and each of them, and they have wholly failed, refused and neglected to pay the same or any part thereof.

"Wherefore, premises conside.ed, plaintiff prays judgment on its first cause of action against the said defendants in the sum of $893.23, with interest thereon at the rate of 6 per cent. per annum from the 8th day of July, 1924, for the use and benefit of said Ellis county, Okla., and for all other proper and equitable relief, including costs hereof."

Defendant in error makes two principal contentions: First, that plaintiff did not have the authority to maintain the action; and second, that the petition did not state a cause of action. As to the first proposition, numerous authorities are cited to the effect that the county attorney is not authorized to maintain actions for and on behalf· of the county except at the direction of the board of county commissioners. An examination of these authorities discloses they are not in point or decisive of the question here presented, this being an action against the county commissioners themselves and their bondsmen on their official bonds.

The case of Rice v. Swartz, 90 Okla. 16, 250 Pac. 606, cited and relied upon by defendants in error, was a cause wherein the district court had entered an order enjoining the county commissioners from entering into a contract for the erection of a bridge. and when it appeared that the county commissioners declined to prosecute an appeal from the judgment of the district court, this court held the county attorney was unauthorized to prosecute said appeal without the authority of the board of county commissioners. The situation here is entirely different; the county attorney in the name of the state of Oklahoma is seeking to recover from the commissioners themselves funds which the petition alleges were illegally expended and unlawfully paid out by the county commissioners. It is quite natural that the commissioners would not authorize such a suit against themselves, nor upon judgment in their favor in the district court would they be likely to authorize an appeal, and to hold that such authorization was necessary, before the county attorney could institute such an action or could appeal from an adverse judgment in the district court would in our judgment be contrary to public policy and render meaningless and of no effect the statute fixing a personal liabi'it▼

upon county commissioners for the illegal expenditure of county funds.

Section 5741, C. O. S. 1921, provides it is the duty of the county attorney to appear in the several courts of his county and prosecute and defend on behalf of the state or county all actions or proceedings civil or criminal in which the state or county is interested as a party. Ellis county was certainly interested in an action brought for the recovery of public funds alleged to have been illegally expended by the board of county commissioners. We agree with defendants that under the laws of this state and decisions of this court the county attorney is not authorized to appeal from a judgment against the county without the consent or authorization of the board of county commissioners, but in our judgment this cause presents an exception to that rule. If same were followed in the instant case, the county commissioners would have control of litigation in which they were parties, and would in fact be passing on and deciding their own case. If the facts as alleged in the petition are true, the interests of the commissioners are adverse to that of the county, and they are therefore disqualified to direct or control the litigation on behalf of the county because of their pecuniary interest adverse to the county.

The rule as announced in ·29 Cyc. 1435, is as follows:

"It is a rule of the common law that judicial and discretionary officers are disqualified to act in a matter in which they are personally interested."

Also, in 11 Cyc. 445, we find the following:

"The general rule that no executive or administrative officer shall take official action in .a matter involving the rights of others in which he is personally interested, applies to county officers."

Also, in 19 Am. & Eng. Enc. of Law, 471, the rule is stated as follows:

"Members of a legislative body or municipal board are disqualified to vote on propositions in which they have a direct pecuniary interest adverse to the state or municipality which they represent."

Citing Oconto Co. v. Hall, 47 Wis. 208; Willis v. Abbey, 27 Tex. 202; Flanikan v. Fokes, 15 Tex. 180. The defendant commissioners passed a resolution ordering the county attorney to dismiss this appeal, but °we hold said order is void and of no effect, and contrary to public policy for the reasons above stated. We think the fol'owing language of the court in Pratt v. Luther,

45 Ind. 250, is applicable and appropriate here:

"Such a practice would be attended with the most dangerous and pernicious consequences. It would, open the door to the grossest frauds. It would, impose upon the people unjust and extortionate burdens. It would cause the people to lose confidence in and respect for those in authority. Such a practice is against every principle of law, public policy, and sound morals."

On the second proposition, that is, that the petition does not state a cause of action, defendants cite and rely upon the case of Schulte v. Board of County Commissioners of Pontotoc County, 119 Okla. 261, 250 Pac. 123. In that case section 10102, C. O. S. 1921, which is known as the emergency statute, was involved. That case, however, as we view it, is distinguishable from this case for the reason it was admitted that certain bridges were built under \this emergency statute, when there were no funds available to pay for same. It does not so appear here. If such are the facts in the instant case, it might be pleaded as a defense by the defendants, but such not appearing from the petition itself, and same being admitted as true for the purposes of the demurrer, this question is not presented by the demurrer to the petition. Other cases are cited to the effect that the contract having been executed, the county cannot retain the benefit of same and recover money paid out thereon. This is likewise defensive and not presented on the demurrer to the petition. Defendants in error state in their brief filed herein:

"So, too, in this case, the board of county commissioners of Ellis county, by employment of the Boardman Company, replaced bridges which had been destroyed by an unprecedented flood, in the amount of app.bximately twenty thousand ($20,000) dollars. The county has the bridges and is using them. It has not paid for them, except in the sum sued for by plaintiff."

No evidence was introduced in this cause, and above facts do not appear on the face of the petition, nor is there anything in the record to justify same. If true, such facts might be pleaded as a defense. as hereinbefore suggested, but this question is not before us on this appeal, and we are therefore not deciding same. Upon the record before us we are only called upon to decide whether the petition states a cause of action, and in our judgment the authorities cited do not sustain the contention of defendants in error. and we are clearly of the opinion that plaintiff's petition states a cause of action against the defendants and each of them on each of the causes of action therein set out. We are therefore forced to the conclusion that the district court of Ellis county erred in sustaining the demurrer of defendants and dismissing plaintiff's cause of action.

This cause is therefore reversed, and remanded to the district court of Ellis county, with directions to set aside the judgment dismissing the petition and reinstate the same and overrule the several demurrers thereto and to proceed further in accordance with the views herein expressed.

BRANSON, C. J., and PHELPS, LESTER, CLARK, and HEFNER, JJ., concur. MASON, V. C. J., and HARRISON and RILEY, JJ., absent and not participating.

Note.—See under (1) 15 C. J. P.526, §206; 18 C. J. p. 1317, §44 (Anno) ; p. 1317, §45. (2) 15 C. J. p. 478, §131 (Anno) (3) 15 C. J. p. 572, §207 (Anno.).