## JOSEPH COTULLA v. JESSE LAXSON.

(Case No. 1432.)

1. PUBLIC LAND — STATUTE CONSTRUED.— The term "public land," as used in art. 118 of the Penal Code, is not restricted to unappropriated public domain, but includes school lands which are devoted to the cause of public education.

2. SAME.— An application made by a county surveyor to himself to purchase public school land, and all subsequent steps taken by him to procure a patent therefor, are void.

APPEAL from La Salle. Tried below before the Hon. D. P. Marr.

Appellant brought suit against appellee to recover the land described in his petition, claiming title as follows: By virtue of an application made by George H. Mills for the purchase of the land, the same being school section No. 12, surveyed by virtue of certificate No. 21–312, issued to the L. A. & M. G. R. R. Co., situated in La Salle county, and the sale of which was provided for by act of April, 1881, the payment in due time to the treasurer of the state of the first instalment of the purchase money, the execution of his note for the balance in accordance with the terms of this act, and the conveyance from Mills to appellant. The application, it was claimed, was made January 23, 1882, and recorded February 11, 1882. Conveyance by Mills to appellant May 1, 1882.

Appellee claimed by virtue of an application by him to purchase the land, made March 6, 1882, and subsequent acts in pursuance of law.

Among the defenses set up was that George H. Mills was the county surveyor of La Salle county at the time he made application to himself as such to purchase the land; that the application on that and other grounds therein set up was void, etc., and that appellant, at and before his pretended purchase, knew all of these facts. Judgment was in favor of appellee. The error relied on was, "the court erred in rendering judgment for the defendant because the plaintiff proved a perfect purchase of the land in controversy, and was therefore entitled to the relief sought."

*Ogden & Ogden*, for appellant.

*Houston Bros.*, for appellee.

WATTS, J. COM. APP.— George H. Mills was the county surveyor at the time he made the application for and pretended to purchase the land in controversy. Article 118 of the Penal Code, then and

still in force, is as follows: "If any person who is an officer or clerk in the general land office, or a district surveyor, or deputy district surveyor, or county surveyor, or his deputy, shall directly or indirectly be concerned in the purchase of any right, title or interest in any public land, in his own name or the name of any other person, or shall take or receive any fee or emolument for negotiating or transacting any business connected with the duties of his office, other than the fees allowed by law, he shall be fined in any sum not exceeding $500."

That the term "public land," as used in that article, is not limited in its signification to unappropriated public domain, but also includes what is usually designated as public school lands, it seems to us admits of no question. These public school lands were set apart for a public purpose, devoted to the promotion of public education. The act of appropriation, or, rather, the dedication of these lands to that purpose, did not work a change in their ownership; true they were not thereafter unappropriated public domain, but as ever belonged to the public.

All the reasons for prohibiting such officers and clerks from dealing in unappropriated public domain apply with equal or greater force to their dealing in public school land, the sale and disposition of which is committed entirely to them as the agents of the public.

In Wills v. Abbey, 27 Tex., 204, the court said: "Public policy required that the officers chosen to locate and survey the public lands should not be permitted to speculate in them." And again: "The policy of the state in relation to the location and survey of the public lands, and especially the policy of prohibiting surveyors from purchasing or acquiring an interest in the public lands, is the same to-day as at the time when the statute of 1836, to which reference has been made, was enacted."

So, in the sale of public school lands, the appraisement and sale of which is committed to the officers mentioned in the above quoted article, public policy requires that they should not be permitted to speculate in them, or to purchase the same in a measure from themselves.

Our conclusion is that Mills' application to himself for the purchase of the land, and all subsequent steps taken in that direction by virtue of that application, are utterly void. And hence the appellant showed no right to the land. The judgment of the court below ought to be affirmed.

AFFIRMED.

[Opinion adopted November 27, 1883.]