THE STATE OF TEXAS v. S. A. THOMPSON.

(Case No. 1829.)

1. ATTORNEY-GENERAL — AUTHORITY — PRACTICE — GENERAL LAWS OF 1883, 107 — PURCHASE MONEY.— Suit was brought for the purpose of canceling defendant's claim of title to two sections of school lands. The applications to purchase were made under the act contained in chapter 105 of the Laws of 1881, page 119, and the purchaser was a deputy surveyor at the time of the purchase. *Held:*

(1) That the right of the state to sue in any court having jurisdiction of the subject-matter cannot be questioned.

(2) The statute requires, however, that suits of this character shall not be instituted by the attorney-general under the provisions of the act, unless it shall be advised and directed by at least three of the land board. Gen. Laws 1883, p. 108.

(3) While anxious to discover and set aside purchases of school lands made in contravention of the act of July 8, 1879, and the amendatory act of April 6, 1881, the legislature was unwilling to have suits brought unless, upon examination by the board appointed by the act of April 14, 1883, reasonable cause was found in each case for believing that the law had been violated.

(4) The state had the right to thus limit the power of the attorney-general through the legislature.

(5) The authority of the attorney-general to bring suit was to be presumed in this case as in any other, and could be questioned only in the manner that the authority of any attorney assuming to represent a plaintiff could be.

(6) It could not be done by a demurrer to a petition which did not allege the power under which the attorney assumed to be acting in the suit. It is a question of fact and not of law, and should be raised by some pleading or motion denying the authority, and to throw the burden of proof from the defendant, his motion or pleading should be sworn to. Turner *v.* Caruthers, 17 Cal., 432; Clark *v.* Willett, 35 Cal., 534.

(7) The language of the statute is not ambiguous — that no county or district surveyors or their deputies shall be directly or indirectly engaged in the purchase of public land. P. C., 118.

(8) A deputy surveyor could not lawfully purchase public land, and the land purchased in this case was within the statutory term "public lands." Cotulla *v.* Laxson, 60 Tex., 443.

(9) The act directing actions of this character to be brought seems to rec-

ognize the application of articles 118 and 119, P. C., to purchases made under the act of July 8, 1879, and April 6, 1881.  Gen. Laws 1883, p. 107.

(10) The state can maintain this action without returning or offering to return purchase money of the land paid by defendant to the state.  State *v.* D. H. Snyder, decided at this term of the court.

APPEAL from Presidio.  Tried below before the Hon. T. A. Falvey.

This was a suit brought in the district court of Presidio county, by the appellant, against the appellee on the 28th day of February, 1884, for the purpose of canceling and annulling the appellee's claim of title to two sections of state school land.

It was alleged in the petition that S. A. Thompson, the defendant below and appellee here, was, at the time he made his application to purchase the land, a deputy surveyor of Presidio county, qualified and acting, and that his application to purchase, and all acts done in pursuance thereof, were illegal and void, and that his claim of title to the land cast a cloud upon the title of the state.

The applications to purchase were made under the provisions of an act to amend the caption and sections 1, 2, 3, 4, 5, 6, 7 and 8 of an act to provide for the sale of alternate sections of land in organized counties and other works of internal improvement, and set apart for the benefit of the common school fund, and to provide for the investment of the proceeds, and to repeal all laws in conflict therewith.  Ch. 105, p. 119, Laws of 1881.

The defendant, on the 28th day of March, 1884, filed special exceptions to the plaintiff's petition, which exceptions were, on the 2d day of October, 1884, sustained by the court, and judgment entered up thereon against the state and in favor of the defendant.

*Attorney-General*, for appellant, submitted the authorities cited by him in State *v.* Snyder, and also Cotulia *v.* Laxson, 60 Tex., 443.

*A. V. D. Old* and *Ogden, Ogden & Johnson*, for appellee, on the allegations of the petition, cited:  Sections 6 and 7, ch. 105, Laws of 17th Leg.; Cotulla *v.* Laxson, 60 Tex., 443.

On authority of the attorney-general, they cited:  Sayles' Tex. Pl., 81, sec. 55, and authorities there cited.

On tender of the purchase money, they cited:  Hunt *v.* Robinson, 1 Tex., 748; Desmuke *v.* Griffin, 10 Tex., 113; Clay *v.* Cook, 16 Tex., 70; Soye *v.* McCallister, 18 Tex., 80; Mills *v.* Alexander, 21 Tex., 154; Ledyard *v.* Brown, 27 Tex., 393; 3 Wait's Act. and Def., p. 202.

STAYTON, ASSOCIATE JUSTICE.— The right of the state to sue in cases of this or any other character, in any court having jurisdiction of the subject-matter of the suit, without a statute authorizing the suit to be brought cannot be questioned.

The statute which requires suits of this character to be brought, however, provides that "no suit shall be instituted by the attorney-general under the provisions of this act unless it shall be advised and directed by at least three of the board created by this act." General Laws, 1883, p. 108.

It is evident that while the legislature was anxious to discover and set aside all purchases of school lands made in contravention of the act of July 8, 1879, and of the amendatory act of April 6, 1881, it was unwilling to have suits brought unless, upon examination by the board appointed by the act of April 14, 1883, reasonable cause was found to induce the belief, in a given case, that the law had been violated.

It therefore made the power of the attorney-general to bring such suits to depend upon the advice and direction of three members of the board whose duty it was to make investigation.

The state thus limited the power of the attorney-general, as it evidently had the right to do, through the legislature.

The petition in this case does not contain any averment that the attorney-general was advised or directed to bring this suit, and one of the special demurrers presents this as an objection to the sufficiency of the petition.

We have no doubt of the want of authority in the attorney-general to institute this suit, if in fact he was not advised or directed by at least three members of the board to bring it.

The only question is, whether this question can be raised by an exception to the petition, or whether it should be presented by a plea of some kind raising an issue of fact.

It is not contended that the attorney-general and the district attorney who brought this suit are not the proper officers and attorneys to bring suits in the name of and in behalf of the state; but it is urged that their authority must be shown by the averments of the petition.

We are of the opinion that the same presumptions, as to their power to bring this suit, must be indulged as would be in any other.

It is not to be presumed that the attorney-general was not advised or directed by the board to bring this suit.

The fact, which it is claimed should be alleged, is not one bearing upon the right of the state to recover, but is one which bears upon

the question of the authority of the officers who assume, and ordi-
narily have the power, to represent the state, to represent it in this
case. The authority of these officers to represent the state must
be questioned just as would the authority of any attorney assuming
to represent a plaintiff in any other action; and this certainly could
not be done by a demurrer to a petition which did not allege the
power under which the attorney assumed to act in bringing a suit.

The question depends upon an issue of fact, and not upon an issue
of law which it is the office of a demurrer to raise.

That a defendant may question the authority of an attorney to
represent a plaintiff whom he assumes to represent is true. The
proper mode of procedure, if it be desired to question the authority
of an attorney assuming to represent a plaintiff, is for the defend-
ant to file some pleading or motion denying his authority, thus rais-
ing an issue of fact upon which evidence may be introduced; and
to throw the burden of proof from the defendant, it seems his plead-
ing or motion should be sworn to. Turner v. Caruthers, 17 Cal.,
432; Clark v. Willett, 35 Cal., 534; People v. Mariposa County, 39
Cal., 683; McKiernan v. Patrick, 4 Howard (Miss.), 333; Lynn v.
Glidwell, 8 Yerger, 2.

It is urged that the petition is defective, in that it gives as a rea-
son why the defendant could not purchase school lands from the
state, that he was a "deputy surveyor," and does not allege that he
was a "special deputy surveyor."

The statute seems to give to a person who is styled a "special
deputy surveyor" power to perform all official acts which his prin-
cipal may perform, but does not in terms confer such power on a
"deputy surveyor." R. S., 3840, 3842, 3843, 3853.

From this it is argued, that while the relations of a special deputy
surveyor to the duties of the surveyor are such as to enable him to
exercise an improper influence in the sale of public school lands, and
hence the purchase of such lands by such an officer prohibited, yet
that no such prohibition extends to a deputy surveyor, as he is ex-
pressly charged with duties which do not give him any control, or
right to act, in making sales of such lands.

We do not deem it necessary or proper to inquire into the powers
of deputy and special deputy surveyors, in order to ascertain whether
they are such as to make it proper for the legislature to prohibit
each from purchasing public land.

This was a question for the legislature to determine, and it has
declared:

"If any person who is an officer or clerk in the general land office,

or a district surveyor, or deputy district surveyor, or county surveyor or his deputy, shall directly or indirectly be concerned in the purchase of any right, title or interest in any public land, in his own name, or in the name of any other person, . . . he shall be fined in any sum not exceeding $500." P. C., 118.

If the language used by the legislature was ambiguous, courts might look to the evil intended to be remedied, and to the policy intended to be carried out; but when there is no uncertainty in the language through which the legislature has evidenced its intention, and announced a policy, the courts have no right or power, upon their own notions of public policy, to disregard the clearly expressed will of the law-making department of the government.

The law expressly forbids " a deputy surveyor " directly or indirectly to purchase any public land.

What the law forbids cannot be legally done.

Lands, such as the appellee purchased, have been held by this court to be, within the meaning of the statute above quoted, " public lands." Cotulla v. Laxson, 60 Tex., 444.

The act directing actions of this character to be brought seems to recognize the application of arts. 118, 119, P. C., to purchases made under the acts of July 8, 1879, and April 6, 1881. General Laws, 1883, p. 107.

It is urged in this case, as in others, that the state cannot maintain this action without returning or offering to return such sums of money as may have been paid by the defendant to the state on the purchase of the land.

This view we have held to be erroneous, in the case of The State v. D. H. Snyder, this day decided, and for the reasons given in that case we so hold in this.

The court erred in sustaining the demurrers urged in the court below, and the judgment will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered December 15, 1885.]