## W. H. RANDOLPH v. THE STATE OF TEXAS.

### No. 6167.

1. **Right of Action—Practice—Land Fraud Act.**—A defendant against whom suit was brought by the Attorney-General in the name of the State under the Act of April 14, 1883, known as the Land Fraud Act, can not question by demurrer the right of the Attorney-General to bring the suit without specific direction so to do, directly applicable to him. It was not necessary under that act that the Land Board should have directed the Attorney-General to cause suit to be brought against any particular person. It was sufficient that the Board directed suit to set aside purchases of the specific land, and a conveyance by the fraudulent purchaser from the State after suit brought against him could not affect the right of the State to prosecute the suit against his vendee.

2. **Same.**—When the defendant in a suit brought by the State under the Land Fraud Act of April 14, 1883, conveyed by deed his entire interest after the suit was instituted, it was not necessary that his heirs should be made parties defendant, but the State could continue the suit to set aside the original purchase against his vendee, not as a new suit but as an action brought in contemplation of law within twelve months after the Act of April 14, 1883.

3. **Tender.**—The doctrine announced in State v. Snyder, 66 Texas, 687, that it was not incumbent on the State to tender a return of purchase money for public land fraudulently purchased in order to maintain an action to recover the land, adhered to.

APPEAL from Travis. Tried below before Hon. A. S. Walker.

The opinion states the case.

*Robertson & Williams*, for appellant. — 1. It was neither averred in the petition nor proved on the trial that three members of the board created under the Act of April 14, 1883, recommended and directed the Attorney-General to institute this suit against the defendants, W. H. Randolph, S. Randolph, B. W. Randolph, W. H. Hays, Jr., and E. J. Cavalier, but it is conclusively shown by the evidence that such suit was not authorized. Act of April 14, 1883, secs. 2, 6, 7, 10, Laws 1883, p. 106; State v. Thompson, 64 Texas, 690.

2. The court erred in overruling defendants' second special exception to said amended original petition, because it is shown upon the face of said petition that the files on the lands in controversy in this suit were made prior to February 3, 1883, and that said amended petition, by which all the defendants to the suit at the trial were made parties, was filed August 31, 1885, more than twelve months after April 14, 1883, when said act, known as the "Land Fraud Act," went into effect. Wherefore this suit can not be maintained under the provisions of said Act of April 14, 1883.

The court erred in rendering judgment against defendants because the said amended petition filed August 31, 1885, is an original action against the defendants therein named, and this cause begins of that date, and the same was not begun within twelve months after the Act of April 14, 1883, went into effect, and the suit therefore could not be maintained

under the provisions of said act.  Act of April 14, 1883, secs. 2, 6, 7, Gen. Laws 1883, p. 106; State v. Thompson, 64 Texas, 690.

3.  The court erred in overruling the defendants' third special exception to said first amended petition, because if the irregularities and defects alleged in the purchase of said lands ever existed such irregularities and defects are cured and such purchases validated and confirmed by said Act of April 14, 1883, no suit having been directed to be brought against the defendants named in the first amended original petition, and no suit having been brought within one year from the time said act went into effect.  Act of April 14, 1883, secs. 6, 7, Gen. Laws 1883, p. 106; State v. Thompson, 64 Texas, 690.

The court erred in overruling the defendants' fifth special exception to said first amended petition, because the heirs of John R. Ward, the original defendant, who died after service of process and before trial, were not made parties, they being necessary parties.

This suit by the State of Texas as a voluntary litigant in her own courts against her own citizens, seeking an equitable decree canceling a sale of lands by the State made under its laws and upon which defendants have paid to the State a part of the purchase price of said lands, and seeking to rescind and cancel such sale and to remove the title thereby created and vested in the purchasers and their assigns as a cloud upon the title of the State, and seeking an injunction to enjoin and restrain such purchasers and their vendees from asserting title or claim to such lands by virtue of such purchases, and yet making no tender of a return of the purchase money so paid to and held by the State, and no tender of equity or of equitable protection to defendants, can not be maintained under the Constitution and laws of this State, and a decree granting such relief upon such petition and refusing all equitable protection to defendants is against the law and against equity and common right.   Coddington v. Wells, 59 Texas, 49; Tom v. Wolhoffer, 61 Texas, 281; Thomas v. Beaton, 25 Texas Supp., 321; Hunt v. Turner, 9 Texas, 385; Harris v. Catlin, 37 Texas, 582; Terrell v. De Witt, 20 Texas, 256; Case v. Terrell, 11 Wall., 201; United States v. Bostick, 94 U. S., 66; Neblitt v. McFarland, 92 U. S., 103; United States v. Bebee, 17 Fed. Rep., 41; Brown v. Wither, 10 Ohio, 144; Byard v. Holmes, 33 N. J. Law, 127; People v. Stephens, 71 N. Y., 553; Sanborn v. Batchelor, 51 N. H., 426; 1 Pom. Eq., 385, 388; 2 Pom. Eq., 915.

No brief on file for the State.

STAYTON, CHIEF JUSTICE.—The conclusions of fact reached by the court below are supported by the evidence and are sufficient to justify the judgment rendered in favor of the State, and on the appellant's ap-

peal it only becomes necessary to consider questions other than those of fact.

The action was brought originally against John R. Ward, and this was done within one year after the Act of April .14, 1883, took effect, and under the direction of the board created by that act.

A few days after the action was brought Ward conveyed to appellant, but this was done before there was service on Ward, who died pending the action.

The heirs of Ward were not made defendants, but by amendment appellant and those in whose names the application to purchase the lands were originally made were made defendants.

This amendment was made, however, after the expiration of twelve months from the time the Act of April 14, 1883, took effect, and there was no specific direction from the Land Board to the Attorney-General to bring the suit against the persons thus made defendant.

Appellant by demurrer and answer questioned the right of the Attorney-General to bring the suit without specific direction so to do directly applicable to him.

Such a question can not be raised by demurrer.    State v. Thompson, 64 Texas, 690.

It was not necessary that the Land Board should have directed the suit to be brought against any particular person.    It did direct the suit to be instituted to annul and set aside the purchases of the land in controversy, and this was done against Ward who then held the claims by transfers from the original applicants.

No further authority to the Attorney-General was necessary, and appellant could not defeat the right of the State to maintain the suit by the conveyance made to him by Ward after the suit was commenced.

It is urged that the heirs of Ward should have been made parties after his death, and that the suit could not be maintained against any person claiming through him by conveyance made after the suit was brought.

As Ward divested himself of all claims to the land by his conveyance to W. H. Randolph his heirs had no interest and were not necessary parties, and it was the right of the State to make W. H. Randolph a party defendant.

Even in case of purchasers during *lis pendens* strictly it is the right of a plaintiff to make them defendants if he desires to do so.    Jemison v. Halbert, 47 Texas, 188.

W. H. Randolph is the representative of the interest claimed by Ward at the time the suit was brought, and while he would not be affected with notice of the defects in Ward's title as purchaser *lis pendens* the suit may well be maintained against him, not as a new suit but as a suit brought within twelve months after the Act of April 14, 1883, took effect.

There is no question of notice of the defect of the title in the cause, for

W. H. Randolph was cognizant of all the facts bearing on the question of the validity of the original applications, which seem to have been made in the name of others for his benefit, and he is also shown to have negotiated in having the conveyances made to Ward, in which, as between himself and Ward, each was equally intersted.

Ward was unwilling to assume the burden of this litigation, and to free himself from it conveyed to W. H. Randolph after the suit was brought. The conveyance from Ward to W. H. Randolph seems not to have been made or not to have been known until twelve months had expired after the Act of April 14, 1883, took effect.

It is urged that the suit can not be maintained because the State did not tender or offer to return money paid on the land. That this was not necessary to entitle the State to maintain this suit was decided in the case of The State v. Snyder, 66 Texas, 687, and in other cases. There is no error in the judgment of which appellant complains.

The suit was brought to annul the sale of five and one-half sections of land, two and a half which were applied for in the name of the wife of W. H. Randolph, he having before that time purchased four and one-half sections. The court below annulled the sales of only three sections, and refused to annul the sale of the two and one-half sections purchased in the name of the wife of Randolph.

The State filed a cross-assignment of errors questioning the correctness of so much of the judgment as was against it, but has not prosecuted its cross-appeal by filing brief, and for this reason must be deemed to have abandoned it.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered April 12, 1889.