The Texas Land and Mortgage Company, Limited, et al.
v. The State of Texas et al.

No. 301.

1. Land Certificate—Void Duplicate—Case Followed.—As a duplicate certificate professes to confer no rights other than such as the original gave, if there be no original it confers no right whatever; following Gunter v. Meade, 78 Texas, 634. It seems also held in that case that the fact of an original certificate having been issued for one labor would not give such jurisdiction to the Commissioner of the General Land Office as would render a duplicate for a league and labor issued thereon voidable only, and not void.

2. Patent Void—Three Years Statute of Limitations.—Although the three years statute of limitations is applicable where the patent purports to pass the legal title, and does pass all the title the State has or can convey, though in fact no title passes to the grantee, yet where the patent is utterly void for want of authority in the officer issuing it, and does not in any manner bind the State, the three years adverse possessor can not prescribe under it.

3. Same—"Land Titled"—Case Distinguished.—The case of Winsor v. O'Connor, 69 Texas, 571, construing section 4, article 14, of our Constitution, and interpreting the phrase "land titled," held not in conflict with this case. A patent may be entirely without efficacy to pass any character of title as against the State, or to give protection as title against any person, and still be held effective by force of that provision of our Constitution enacted in furtherance of public policy, and not to confer any private right, to withdraw the land from location.

Appeal from Wichita. Tried below before A. H. Carrigan, Esq., Special Judge.

*Bomar & Bomar*, for appellants.—1. The duplicate certificate and the patent issued thereon were not void, but sufficient to support the title of an innocent purchaser thereunder. Deen v. Wills, 21 Texas, 642; Todd v. Fisher, 26 Texas, 239; Johnston v. Smith, 21 Texas, 723; Maxey v. O'Connor, 23 Texas, 235; Jackson v. Lawton, 6 Am. Dec., 311; Jackson v Stanley, 6 Am. Dec., 319; Jackson v. Hart, 7 Am. Dec., 281; State v. Bachelder, 80 Am. Dec., 411; Lewis v. Lewis, 43 Am. Dec., 540; Boatman v. Ventrees, 20 Am. Dec., 266; Stark v. Mather, 12 Am. Dec., 553; United States v. Stone, 2 Wall., 535; Hoofnagle v. Anderson, 7 Wheat., 212; Commonwealth v. Andre, 3 Pick., 224; 3 Washb. Real Prop. (4 ed.), 212; Herm. on Estop., secs. 677–690.

2. A voidable patent will support the three years statute of limitation. Deen v. Wills, 21 Texas, 642; Todd v. Fisher, 26 Texas, 239; Johnston v. Smith, 21 Texas, 725; Maxey v. O'Connor, 23 Texas, 235.

*H. G. Robertson, James & Chambers*, and *Robertson & Gray*, for appellees Gunter & Munson.—1. As there never was an original certificate issued to Donato Leona, such as that described in the duplicate upon

which the patent issued, for a league and labor of land, such duplicate certificate and all subsequent proceedings thereon constituted no title or claim of title against the locations of Gunter & Munson made before the issuance of such patent. Gunter & Munson v. Meade & Bomar, 78 Texas, 638; Winsor v. O'Connor, 69 Texas, 571; Deen v. Wills, 21 Texas, 642; Rev. Stats., arts. 3963, 3907; White v. Martin, 66 Texas, 340; 50 Texas, 95; Parker v. Bains, 59 Texas 17; Whitehead v. Foley, 28 Texas, 268; Warren v. Shuman, 5 Texas, 441.

2. The patent to M. M. Purinton is not such evidence of right as will sustain the statutory bar under three years possession. Deen v. Wills, 21 Texas, 642; Smith v. Power, 23 Texas, 33; League v. Rogan, 59 Texas, 431.

*Barrett & Eustis,* for appellee J. N. Lee.—1. The power to issue duplicate land certificates being given by law to the Commissioner of the General Land Office, and the issuance by him of a duplicate being a judicial act, his act issuing it is final and conclusive of the right of the duplicate to be issued, and is not subject to collateral attack. Rev. Stats., art. 3883; Baker v. Mahony, 4 S. W. Rep., 470.

2. Plaintiff holding the oldest title under the sovereignty of the soil, was entitled to judgment. Rev. Stats., art. 3193; Evans v. Foster, 79 Texas, 48; Pearson v. Flanagan, 52 Texas, 279.

STEPHENS, Associate Justice.—The land in controversy in this suit, consisting of a tract of 642 acres and a tract of 3337 acres, situated in Wichita County, was patented in the month of August, 1884, in the name of M. M. Purinton, as assignee of Donato Leona. These patents were issued by virtue of a duplicate certificate for a league and labor of land, issued in the name of said Donato Leona by the Commissioner of the General Land Office, December 4, 1874, in lieu of headright certificate alleged to have been issued to said Donato Leona by the Board of Land Commissioners of Nacogdoches County, March 24, 1838. The duplicate certificate was issued upon a showing made of the loss of the original by S. H. Cooper, through his attorney in fact, G. W. Diamond, under a purported conveyance of this original certificate from Donato Leona to said Cooper, of date of January 3, 1848, and recorded in 1883. In the year 1875 the duplicate certificate was located on the land in controversy. By deed dated October 4, 1883, said Diamond, under power of attorney from Cooper of about the same date, conveyed the land to M. M. Purinton. Donato Leona lived in Nacogdoches County from 1834 to 1838, and died in 1839. It is manifest that the purported conveyance from Donato Leona to Cooper was a forgery.

In March, 1878, prior to the issuance of said patents, Gunter & Munson located valid land certificates on the larger of the two tracts of land

in controversy. Their location, in conflict with said larger survey, consisted of three sections of land of 640 acres each, numbered 7, 8, and 9, of which No. 8 was located for the State; and at the same time they located for the State also survey No. 10.

In July, 1890, J. N. Lee, claiming in right of the heirs of Donato Leona, instituted a suit to recover the lands in controversy of those claiming under the patent to M. M. Purinton, including Meade & Bomar. In February, 1891, Gunter & Munson instituted a suit against Meade & Bomar to recover so much of the larger tract of land in controversy as was covered by their location. These two suits were consolidated, and the State of Texas intervened, claiming the land not covered by the odd sections of Gunter & Munson, and asking to have the patents issued to Purinton cancelled. The cause was tried without a jury, and judgment was rendered in favor of the State, cancelling said patents, and in favor of Gunter & Munson for the recovery of the land claimed by them, from which judgment the other parties have appealed.

The record contains no conclusions of law and fact, but the trial court must have found that there never was in existence an original headright certificate to Donato Leona for a league and labor of land in lieu of which the duplicate certificate was issued. After a careful consideration of the facts contained in the record, we conclude that the preponderance of the evidence sustains this finding. It appears from the evidence, however, that there was an original certificate issued March 27, 1838, by the Board of Land Commissioners of Nacogdoches County, to John L. Roberts and George Allen, assignees of Donato Leona, for one labor of land, which was approved as a valid certificate to Donato Leona for one labor of land, by the Board of Land Commissioners appointed to detect fraudulent land certificates under the law of 1840. It appears also that the Mexican government granted to Donato Leona a league of land as a colonist, located in Angelina County, in the year 1834.

In the year 1889, Meade & Bomar instituted suit against Gunter & Munson to remove cloud from their title to 1322½ acres of the larger tract in controversy, alleging, as one ground for relief, that they had acquired title under the three years statute of limitations. In that suit the trial court found that they had not had such continuous possession as would sustain their plea under the three years limitation, but found that they were innocent purchasers and entitled to recover against Gunter & Munson. The Supreme Court, in October, 1890, on appeal from this judgment, held that Meade & Bomar showed no such title as to warrant a judgment in their favor, and reversed and rendered judgment for Gunter & Munson. Section No. 7 of the Gunter & Munson location was involved in that suit.

The statement of facts in this record contains an admission that upon the trial of said suit proof on the question of limitation of three years

was introduced pro and con by both parties, and passed upon by the court in favor of Gunter & Munson, and that Meade & Bomar introduced the patent and their claim of title thereunder as shown in this case. It was also admitted that Meade & Bomar and those under whom they claimed had been in peaceable, adverse, and exclusive possession of said 1322 acres of the larger tract in controversy, cultivating, using, and enjoying the same, and paying taxes as they accrued, since May 5, 1885; and that M. M. Purinton entered into the possession of the balance of the larger tract on May 15, 1886, and that she and the defendants claiming under her had been in the actual, adverse, and exclusive possession thereof ever since, paying taxes thereon regularly as they accrued. It was neither proven nor admitted that the possession of any of the parties was held under deeds duly registered. It was further admitted that Meade & Bomar bought the 1322 acres of land claimed by them, and paid value therefor, without any notice of defect in title, and that A. J. Roberts bought in the same way.

In the case of Gunter & Munson v. Meade & Bomar, 78 Texas, 634, it is held, that inasmuch as a duplicate certificate professes to confer no rights other than such as the original gave, if there be no original it confers no right whatever. This decision rests upon a finding by the trial court in that case (which was sustained by the Supreme Court) that the records of the General Land Office did not show that any original certificate for a league and labor of land had ever been issued by the Board of Land Commissioners for Nacogdoches County to Donato Leona, but that a colonist's grant for one league of land had been made to him by the government in 1835, which was situated in Angelina County, and that that board issued to the assignees of Leona a certificate for one labor of land.

It follows from the conclusions of fact set forth above and the law as announced in that case, that J. N. Lee, who is admitted to have such rights as the heirs of Donato Leona would be entitled to maintain in this suit, can not recover, against Gunter & Munson and the State of Texas, the land sued for by him. It also follows, as we think, that the other parties to the suit who claim under the patent to M. M. Purinton can not successfully resist a recovery herein of the land sued for by the State; nor can they prevent a recovery by Gunter & Munson unless the defense interposed under the statutes of limitation can avail them. The five years statute can not be invoked, because the record contains no proof that they held under deed or deeds duly registered.

It is contended by counsel for Gunter & Munson that the three years clause can not avail Meade & Bomar as to section No. 7, because the decision in the former suit of Meade & Bomar v. Gunter & Munson precludes this defense as being res adjudicata. We are of opinion that this

contention can not be sustained.  This record discloses that, on the former trial, proof was introduced pro and con.as to the possession, but does not show what that proof was, nor that it was identical with the proof upon the last trial.  This issue on the former trial was determined against Meade & Bomar, because the proof failed to show at that time a sufficient continuous possession.  It is admitted in the statement of facts that on the last trial a possession of the requisite character was held by Meade & Bomar and those under whom they claimed, from May 5, 1885, up to that time.

We have, however, reached the conclusion, that under the construction placed upon the three years statute of limitations by our Supreme Court, inasmuch as possession is held under a grant void for want of power in the officer issuing it, none of the defendants in this case can avail themselves of this defense.  While the decided cases establish the rule that the three years clause of the statute of limitations is applicable where the patent purports to pass the legal title, and does pass all the title the State has or can convey, though in fact no title passes to the grantee; yet a proper observance of the distinctions made in these and analogous cases seems to us to lead to the conclusion, that where the patent is utterly void for want of authority in the officer issuing it, and does not in any manner bind the State, giving no protection, as title, against any person, the three years adverse possessor can not prescribe under it.  League v. Rogan, 59 Texas, 427; Davilla v. Mumford, 24 How., 23; Smith v. Power, 23 Texas, 33; Bates v. Bacon, 66 Texas, 348; Gunter & Munson v. Meade & Bomar, 78 Texas, 634; Marsh v. Weir, 21 Texas, 110; Steagall v. Huff, 54 Texas, 193; Veramendi v. Hutchins, 48 Texas, 531.

The decision in Winsor v. O'Connor, 69 Texas, 571, construing section 4, article 14, of our Constitution, and interpreting the phrase "land titled," might seem to be in conflict with this result.  It seems to us, however, that a patent might be entirely without efficacy to pass any character of title as against the State, or to give protection, as title, against any person, and still be held effective, by force of that provision of our Constitution, enacted in furtherance of public policy and not to confer any private right, to withdraw the land from location.

The point is made by appellants in their brief, that if it be assumed that the original certificate to Donato Leona was only for one labor of land, the Commissioner, in issuing a duplicate, was not entirely without jurisdiction to act, and that therefore the grant, though excessive, would not be absolutely void, but only voidable, citing the case of Maxey v. O'Connor, 23 Texas, 235.  This question, though not expressly decided, seems to have been, in effect, passed upon in the case of Gunter & Munson v. Meade & Bomar, discussed above.  It is not entirely clear to the mind of the writer, however, that this contention is without force.

These conclusions dispose of all the assignments of error which relate to the merits of the controversy.

The objections raised by exception to the authority of the Attorney-General to intervene in the name of the State are not well taken.  Rev. Stats., art. 1265; Laws 1887, p. 138; The State v. Delesdenier, 7 Texas, 95; The State v. Thompson, 64 Texas, 690.

The assignments which relate to the admission of testimony are likewise not well taken.  A part of the deposition of R. M. Hall, Commissioner of the Land Office, might not have been admissible, but the court before whom the case was tried without a jury, in the explanation appended to the bill of exceptions, states that the testimony which we think was objectionable was excluded from his consideration.

It follows that the judgment of the court below must be in all things affirmed.

*Affirmed.*

Delivered December 13, 1892.

A motion for rehearing in this case was overruled.