### B. E. KEITH v. W. H. FOUNTAIN.

#### No. 171.

1. **Illegal Contract—Practice and Pleading.**—Unless otherwise provided by statute, when a plaintiff seeks to enforce an executory contract, or to recover damages for its breach, if in the development of his case it is made to appear that the consideration of the contract involved a violation of a penal law, the courts will declare the contract void, and refuse to aid in its enforcement, whether its illegality be pleaded or not.

2. **Same—Excessive Fees by Surveyor.**— A contract with a county surveyor by which he is to be paid in excess of the fees allowed him by law, is illegal, and upon performance of the work by the surveyor he can not recover such excessive fees stipulated for.

3. **Same—Fact Case.**—See evidence held sufficient to show that the contract declared on was illegal, in that excessive fees were agreed upon for work performed by the plaintiff in the line of his official duty, and for which legal fees are prescribed by statute.

APPEAL from the County Court of Atascosa. Tried below before Hon. H. D. MARR.

*W. J. Bowen*, for appellant.— 1.  The defendant could not be deprived of his defense in the County Court by the failure of the justice to note his pleadings on the docket, and parol evidence is admissible to show what was pleaded when the justice's docket is silent.   Oldham v. McIver, 49 Texas, 556;  Abb. Trial Ev., 833.

2.  The judgment of the court is against the law and the evidence, in this, that the plaintiff's own testimony and the contract sued on and put in evidence by the plaintiff show said contract to be illegal and void, and not legal or competent evidence of any lawful demand against the defendant.   Penal Code, arts. 118, 240;  Bates v. Thompson, 61 Texas, 335;  Wills v. Abbey, 27 Texas, 202;  The State v. Thompson, 64 Texas, 690;  Rev. Stats., art. 2406.

No brief for appellee reached the hands of the Reporter.

KEY, Associate Justice.—Appellee instituted this suit in a Justice Court for the recovery of $150 for an alleged breach on the part of appellant of the following written contract:

"*State of Texas, County of Atascosa.*—Know all men by these presents, that I, W. H. Fountain, have this day agreed with B. E. Keith to establish for him lines around 80 acres at least, or 160 acres if to be found, of vacant land; to well establish all adjoining lines of surrounding surveys so that the land may be well described for investigation at the General Land Office, and furnish all necessary papers pertaining to a settlement of the said Keith as an actual settler; for which service the said Keith obligates himself to deliver to the said Fountain two 2-year old mules, in sound condition, and the sum of $25 if but 80 acres, or $40 if a larger tract is found to the amount of 160 acres.

"It is agreed and understood by and between the parties hereto, that should a less amount than 80 acres be found, it will be optional with the said Keith to appropriate the same; and that all expenses of the necessary survey will be met by said Fountain.

"Witness our hands, at Pleasanton, this the 17th day of February, 1890.

"W. H. Fountain,
                    his  ·
"B. E. ✕ Keith."
                   mark.

Judgment was rendered against appellant for $110, and he appealed the case to the County Court, where a similar judgment was rendered.

After the case reached the latter court, appellant filed an answer, averring, that at the time of the execution of the contract sued on appellee was county surveyor of Atascosa County, and that in making and attempting to enforce said contract he was violating articles 118 and 240 of Penal

Code of this State. On motion of appellee this plea was stricken out, because the transcript from the Justice Court did not show such plea to have been interposed in that court.

There was testimony in the County Court tending strongly to show that a plea of "illegal contract" was orally made by appellant in the Justice Court; but there was also testimony to the contrary.

In view of the condition of the record, however, we do not regard the action of the court in striking out the answer as material.

In developing his case, appellee shows by his own evidence, that at the time in question he was county surveyor of Atascosa County; that the services rendered by him under the contract was in the line of his duty as such officer; that he was not engaged over three days in rendering the service; and for which the fees allowed by law are much less than the amount recovered.

Under these circumstances, it was not necessary for appellant to plead the illegality of the contract.

Unless otherwise provided by statute, when a plaintiff seeks to enforce an executory contract, or to recover damages for its breach, if, in the development of his case, it is made to appear that the consideration of the contract involves a violation of a penal law, the courts will declare the contract void, and refuse to aid in its enforcement, whether its illegality be pleaded or not. Russell v. Burton, 66 Barb., 539; Evans v. Richardson, 3 Mer. Ch. Rep., 469; Parken v. Whilby, 11 Eng. Ch. Rep., 199; Oscanyan v. Arms Co., 103 U. S., 261 (13 Otto).

It is expressly provided by the law of this State, that "If any person who is an officer or clerk in the General Land Office, or a district surveyor, or deputy district surveyor, or county surveyor, or his deputy, shall directly or indirectly be concerned in the purchase of any right, title, or interest in any public land, or shall take or receive any fee or emolument for negotiating or transacting any business connected with the duties of his office, other than the fees allowed by law, he shall be fined in any sum not exceeding $500." Penal Code, art. 118. And any officer who willfully demands or receives higher fees than are allowed by law is guilty of extortion, and may be punished by fine not exceeding $100. Penal Code, art. 240.

That the making of the contract in question and insistence by appellee upon a right under the terms thereof to greater compensation than is allowed by law to county surveyors, is violative of the spirit, if not the letter, of the articles of the Penal Code above referred to, there is small room for doubt. Hunt v. Robinson, 1 Texas, 748; Shelton v. Marshall, 16 Texas, 344; Wills v. Abbey, 27 Texas, 203; Cotulla v. Laxson, 60 Texas, 444; Read v. Smith, 60 Texas, 379; Grant v. Wallis, 60 Texas, 350; Bates v. Thompson, 61 Texas, 335; The State v. Thompson, 64 Texas, 690.

It is true that the contract does not show on its face that appellee was

county surveyor, nor does it expressly show that the benefit which might accrue to him thereunder would be greater than the fees allowed by law; but in the very beginning of his evidence appellee testified as follows:

"Sometime in January or February, A. D. 1890, the defendant, Keith, applied to me to know if there was any vacant land which he could locate as a homestead. I told him I was not certain of any; that there were places where there might be and probably was some vacant land, but it would take a survey to determine; that I knew of one such a place, and would go and survey it for him for the legal fees, $3 per mile, but he would have to take the chances of there being any vacant land there. He said he was too poor to pay the fees and take any chances; that he wanted to be certain before he paid anything; that he had rather pay more and be sure of getting some land than to pay fees and then perhaps not get any; finally we made the written contract in evidence. I found and surveyed a tract of 120 acres of vacant land for the defendant to locate upon, but the defendant refused to locate upon it and make the affidavit required to make an application for the land as a homestead, so that I could not make the papers for the General Land Office which the contract required. I did everything that I could do until the defendant made his affidavit and application. I was ready and willing to make the field notes of the survey for the Land Office, and complete my part of the contract when defendant made the affidavit, but his failure to make the affidavit prevented my fully performing the contract on my part. The defendant has never delivered the mules specified in the contract; they are worth about $35 or $40 apiece."

Appellee also testified that he was county surveyor of Atascosa County at the time he made the contract and survey; but said that he made the contract as an individual and not as county surveyor.

We think it quite clear from this testimony that the contract was made with appellee because he was county surveyor, and that compliance with its obligations on his part required the performance of official duties, for which he was to receive more compensation than was allowed by law.

Such being the effect of the contract, it contravened the spirit of the law and the well settled policy of the State; and it is immaterial whether appellee intended to contract officially or individually.

The judgment of the court below is reversed, and judgment here rendered for appellant.

*Reversed and rendered.*

Delivered May 3, 1893.