## MULLIN v. NASH–EL PASO MOTOR CO. et al. (No. 1419.)*

(Court of Civil Appeals of Texas. El Paso. March 1, 1923. Rehearing Denied March 22, 1923.)

**1. Judgment ⚫251(1)—Judgment held erroneous as not supported by pleadings.**

In an action on a note executed by three of four defendants in part payment for an automobile and to foreclose a chattel mortgage thereon, where two of the three set up a cross-action against the fourth to whom the automobile was sold in part consideration of his assumption of the notes, a judgment for plaintiff against all the defendants and in favor of all three makers of the note against cross-defendant *held* erroneous as against the latter in favor of plaintiff in the main action except for foreclosure, and in favor of the defendant, who did not join as cross-complainant in the cross-action; there being no pleadings to support the judgment in such particulars.

**2. Appeal and error ⚫1071(1)—Form of special issues and sufficiency of evidence to support findings held immaterial in view of finding on preceding issue.**

In an action on a note executed by three of four defendants in part payment for an automobile, which two of the three makers of the note alleged, in a cross-action against the fourth defendant, had been sold to him in part

consideration of his assumption of the notes, where the jury found in answer to a special issue that he did so agree, the form of a second issue as to whether a named individual so agreed for him and had actual or apparent authority to do so, and the sufficiency of the evidence to support affirmative findings thereon, were immaterial.

**3. Frauds, statute of ⬤⇒18(3)—Buyer's oral assumption of purchase-money notes given by seller held not within statute; "promise to answer for debt of another."**

An oral agreement by purchaser of automobile to assume payment of purchase-money notes given by the seller in part payment for the car *held* not unenforceable as a promise to answer for the debt of another in violation of Rev. St. art. 3965.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promise to Answer for Debt, Default, etc.]

**4. Sales ⬤⇒355(1)—Violation of act requiring transfer of license fee receipt on sale of secondhand automobile available as defense to cross-action against purchaser assuming notes executed therefor by sellers, though not pleaded, if shown by evidence admitted without objection.**

Violation of Acts 36th Leg. (1919) c. 138, §§ 3a, 3b (Vernon's Ann. Pen. Code Supp. 1922, arts. 1617¾c, 1617¾d), prohibiting the sale of secondhand motor vehicles without possessing and indorsing over the receipt for the current year's license fee, is available as a defense to a cross-action by defendants sued on purchase-money notes given for such a car against one to whom they sold it in part consideration of his assumption of the notes, though not pleaded, if affirmative evidence of such violation is admitted without objection.

**5. Contracts ⬤⇒138(6)—Illegality must be pleaded if dependent on facts extraneous from contract itself or evidence necessary to prove it.**

If plaintiff, to make out his cause of action, must show that the contract is illegal, the court will not enforce it, whether such fact is pleaded as a defense or not, but when the illegality does not appear from the contract itself or the evidence necessary to prove it, but depends on extraneous facts, the defense is new matter and must be pleaded to be available.

**6. Sales ⬤⇒357(1)—To defeat recovery of purchase price of secondhand automobile, buyer must prove sellers' violation of act requiring possession and transfer of license fee receipt.**

To recover the purchase price of a secondhand automobile, the unpaid consideration for which is not evidenced in writing, plaintiff need only prove execution and delivery to vendee of a duplicate bill of sale in the form prescribed by Acts 36th Leg. (1919) c. 138, § 4 (Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾f), and the agreed unpaid consideration, whereupon it is incumbent on defendant, to defeat recovery on the ground of violation of such act, to plead and prove the sellers' violation of sections 3a and 3b (articles 1617¾c, 1617¾d), requiring actual possession and transfer by indorsement of the receipt for the current year's license fee; such matters being extraneous and incidental to the contract, in making which the sellers will not be presumed guilty of a criminal offense.

**7. Evidence ⬤⇒419(4)—Evidence of assumption of notes sued on by subsequent purchaser of automobile for which they were given held not in violation of parol evidence rule.**

In an action on notes given for a secondhand automobile, which the makers of the notes sold to a codefendant, against whom they brought a cross-action, where the bill of sale recited that the consideration was "$600 and other good and valuable consideration," as prescribed by Acts 36th Leg. (1919) c. 138, § 4 (Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾f), evidence of the buyer's assumption of the notes *held* not in violation of the parol evidence rule.

**8. Bills and notes ⬤⇒54—One assuming payment of notes sued on is liable, though he did not sign them.**

The Negotiable Instruments Act (Acts 36th Leg. [1919] c. 123, § 18 [Vernon's Ann. Civ. St. Supp. 1922, art. 6001—18]), declaring no one liable on an instrument not signed by him except as otherwise provided, is inapplicable in an action on notes given for an automobile subsequently sold by the makers to another, against whom they brought a cross-action based on his assumption of the notes; his liability being, not on the notes, but on an independent assumption to pay them.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

Action by the Nash-El Paso Motor Company against J. F. Mullin, Paul V. Broyles, and others, in which defendants Broyles and another brought a cross-action against defendant Mullin. From a judgment for plaintiff against all defendants and for defendants Broyles and others against defendant Mullin, the latter appeals. Reformed and affirmed.

F. C. Knollenberg and R. J. Channell, both of El Paso, for appellant.

Paul D. Thomas and Steve Lattner, both of El Paso, for appellees.

### Statement of Case.

HIGGINS, J. The Nash-El Paso Motor Company brought this suit against Paul V. and Simmie Lee Broyles, R. L. Eaton, and J. F. Mullin, alleging the execution and delivery of certain notes by the first three named defendants in favor of the plaintiff, given in part payment for an automobile and secured by chattel mortgage on the automobile, and that Mullin was claiming some interest in the car and had the same in his custody, having either purchased the same from the makers of said notes or taken possession under contract with said parties.

Judgment was prayed against all defendants for the amount of the notes with foreclosure of lien.

Paul V. and Simmie Lee Broyles and Eaton answered by general demurrer and general denial, and the said Paul V. and Simmie Lee Broyles set up a cross-action against Mullin alleging that said automobile had been sold by them to Mullin for $600 cash and the assumption and agreement by Mullin to pay the notes sued upon by the plaintiff, and they prayed for judgment over against Mullin for whatever amount they might be compelled to pay upon said notes.

Mullin answered the petition of the plaintiff with general denial and plea of disclaimer of any interest in the automobile. To the cross-action of Paul V. and Simmie Lee he likewise answered by general demurrer and general denial.

The case was submitted to a jury upon special issues which, with the answers, are as follows:

"Question No. 1: Do you find from a preponderance of the evidence that the defendant J. F. Mullin agreed with the defendant Broyles that he, J. F. Mullin, would assume or pay off and satisfy the notes sued upon by the plaintiff? Answer: Yes.

"Question No. 2: (a) Do you find from a preponderance of the evidence that J. T. Grainey, for J. F. Mullin, agreed that J. F. Mullin would assume or pay off and satisfy the notes sued upon by the plaintiff? Answer: Yes.

"(b) Did J. T. Grainey have actual authority from J. F. Mullin to 'make such agreement, if any? Answer: Yes.

"(c) Was it within the apparent scope of the authority of J. T. Grainey to make such agreement, if any? Answer: Yes."

Upon the verdict judgment was rendered as follows: In favor of the Nash-El Paso Motor Company against Paul V. Broyles, Simmie Lee Broyles, R. L. Eaton, and Mullin for the amount due upon the notes sued upon, with foreclosure of lien upon the automobile; in favor of Paul V. Broyles, Simmie Lee Broyles, and R. L. Eaton against Mullin for like amount. From this judgment Mullin appeals.

### Opinion.

[1] There is no pleading to support any judgment in favor of Nash-El Paso Motor Company against Mullin except for foreclosure. Nor is there any pleading to support the judgment in favor of Eaton against Mullin. This is conceded by Eaton. The judgment will be corrected in these two particulars.

According to the testimony of Paul V. Broyles, he and Mullin agreed upon the terms of sale, and Mullin, in payment for the car, agreed to assume the payment of the notes sued upon by the plaintiff and to allow Broyles a credit of $600 upon a house which Broyles was to buy from Mullin. Mullin denied that he agreed to assume the payment of the notes, but this issue was resolved against him by the first finding.

[2] When the exchange of the house and car was consummated, Mullin was not present, but was represented by his agent, J. T. Grainey. The third and fourth propositions question the sufficiency of the evidence to support the finding that Grainey was authorized by Mullin to agree or did agree that the latter would assume the payment of the notes. The seventh proposition complains of the form in which question 2 is submitted. A sufficient reply to these propositions is that, Mullin himself having agreed with Broyles to assume the payment of the notes as found in reply to the first question, all issues submitted in question 2 became immaterial.

[3] The fifth proposition asserts that the assumption by Mullin is unenforceable because it was a promise to answer for the debt of another and was not in writing. Article 3965 R. S. This is untenable. Spann v. Cochran & Ewing, 63 Tex. 240.

The sixth proposition is without merit. The cases cited in support thereof are inapplicable for reasons which are obvious.

It is asserted that the evidence shows that the car sold by Broyles to Mullin was a secondhand motor vehicle, and that in making the sale Broyles failed to comply with the provisions of chapter 138, Acts 36th Leg. Sections 3a, 3b, 3c, and 4 of that law (Vernon's Ann. Pen. Code Supp. 1922, Arts. 1617¾c–1617¾f) make it unlawful and a misdemeanor for any person:

3a: To sell or trade such a vehicle without having in his actual physical possession the tax collector's receipt for the license fee for the current year that the vehicle is offered for sale.

3b: To sell or trade such vehicle without transferring by indorsement such receipt.

3c: to buy or trade for such a vehicle without demanding and receiving such receipt.

4: To sell, trade or otherwise transfer such a vehicle without delivering to the purchaser a bill of sale in duplicate in a prescribed form.

Upon the trial Broyles offered in evidence a bill of sale in substantial compliance with the fourth section of the act, and it was shown that the same was executed in duplicate and delivered to Grainey for Mullin.

The record is silent as to whether at the time the Broyleses had in their actual physical possession the license fee receipt for the current year and transferred the same by indorsement to Mullin.

The act in question has been considered by the courts, and it has been held that an attempted sale without compliance with the law passed no title, and recovery cannot be had upon unpaid purchase-money notes in such cases. Overland Sales Co. v. Pierce

(Tex. Civ. App.) 225 S. W. 284; Foster v. Beall (Tex Civ. App.) 242 S. W. 1117; Goode v. Martinez (Tex. Civ. App.) 237 S. W. 576.

In the first two cited cases the defense was specially pleaded. From the report of Goode v. Martinez the state of the pleading cannot be ascertained.

[4] In the case at bar no such defense is set up. Notwithstanding failure to plead a violation of the act, the defense would have been available had evidence been offered by appellant and admitted without objection affirmatively showing a violation by the Broyleses of sections 3a and 3b. Keith v. Fountain, 3 Tex. Civ App. 391, 22 S. W. 191; Osage O. & G. Co. v. Caulk (Tex. Civ. App.) 243 S. W. 551.

[5] It is also true that the Broyleses could not have recovered had it been necessary to prove as a part of their cause of action that the contract itself was illegal or had been consummated in violation of the act in question Beer v. Landman, 88 Tex. 450, 31 S. W. 805; Bishop v. Japhet (Tex. Civ. App.) 171 S. W. 499.

The rule of pleading is that, if a plaintiff, in order to make out his cause of action, is required to show that the contract sued upon is, for any reason, illegal, the court will not enforce it, whether pleaded as a defense or not. But when the illegality does not appear from the contract itself or for the evidence necessary to prove it, but depends upon extraneous facts, the defense is new matter, and, to be available, it must be pleaded.

If the Broyleses had taken the notes of Mullin in payment for the car, it is quite clear that in a suit brought thereon the defense here urged would not be available unless pleaded.

The sale of a secondhand motor vehicle is a perfectly legitimate transaction. It is only by virtue of the fourth section of the act of the Thirty-Sixth Legislature that the sale shall be evidenced in writing and by prescribed form.

[6] In our opinion a plaintiff suing to recover the purchase price of a secondhand motor vehicle, the unpaid purchase money obligation not being evidenced in writing, is required only to prove the execution and delivery to the vendee of a bill of sale in duplicate, in the form prescribed by the fourth section of the act and the agreed unpaid consideration. This was done by the Broyleses and was sufficient prima facie to support the recovery upon their cross-action. It will not be presumed that they were guilty of a criminal offense at the time of the sale by not having in their possession the license receipt or that they failed to transfer the same by indorsement to Mullin.

We regard these matters as extraneous and incidental to the contract of sale, and in order to defeat recovery it was incumbent upon Mullin to plead and prove that in making the sale the Broyleses violated sections 3a and 3b of the act.

[7] Appellant further contends that to permit evidence of his assumption of the notes sued upon by the plaintiff was in violation of the rule forbidding the introduction of parol evidence to vary the terms of a written instrument. The bill of sale recites that the consideration for the car was "$600 and other good and valuable considerations." This is the form prescribed by the act. It shows upon its face that there was a consideration additional to the $600, and we fail to see how the proof of his assumption of the notes as an additional consideration could be considered as contravening the parol evidence rule.

[8] Another proposition advanced is:

"The notes offered in evidence being negotiable instruments, which did not bear the signature of appellant in any form, and it further not appearing from the evidence that any one authorized by appellant had ever signed said notes or any other instrument in writing by which he had agreed to pay them, judgment should have been for him upon that issue."

In support of this proposition appellant invokes section 18 of the Negotiable Instruments Act (Acts 36th Leg. [1919], c. 123 [Vernon's Ann. Civ. St. Supp. 1922, art. 6001–18]), as follows:

"No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided."

This provision in the Negotiable Instruments Act is wholly inapplicable. The liability of Mullin is not on the notes, but on an independent assumption to pay same.

The judgment of the lower court will be reformed and affirmed as follows:

In favor of Nash-El Paso Motor Company against Paul V. Broyles, Simmie Lee Broyles, and R. L. Eaton for the amount due upon the notes sued upon together with foreclosure of lien upon the car against them and Mullin; and in favor of Paul V. and Simmie Lee Broyles upon their cross-action against Mullin.

Reformed and affirmed.