### LATIMER v. HEBERT et al.
### No. 1901.

Court of Civil Appeals of Texas. Beaumont.

Feb. 13, 1930.

Kitching & Kenna, of Beaumont, for appellant.

Crook, Lefler, Cunningham & Murphy and A. L. Shaw, all of Beaumont, for appellees.

WALKER, J.

On the 19th day of December, 1925, August J. Hebert bought of W. C. English Auto Company one automobile, and in part payment thereof executed two notes; note No. 1 for $767.15 secured by a chattel mortgage upon the automobile, and note No. 2 for $179.60 secured by a separate mortgage upon the same automobile. Both notes were payable to W. C. English Auto Company, which transferred the first note with its mortgage to the Commercial Investment Trust of Chicago, which in turn transferred it to Mercantile Acceptance Corporation. The second note with its mortgage was transferred to appellant. This note constituted only a second lien against the automobile. The first mortgage vested the mortgagee or holder of the mortgage with power to seize and sell the automobile at either public or private sale. Hebert made default in his payments; there-

upon the Mercantile Acceptance Corporation, as holder of the first note and mortgage, repossessed the automobile from Hebert, taking from him a written bill of sale, and then transferred the automobile to C. D. Pickett for a consideration of $360. Appellant instituted this suit on the second note against Hebert and Pickett, praying for judgment against Hebert as maker, and against Pickett on his allegations that by mutual contract between the W. C. English Auto Company, Hebert, and Pickett, Pickett had bought the automobile from Hebert and had contracted to pay the note sued upon. Pickett impleaded Mercantile Acceptance Corporation, alleging that it was a good-faith purchaser of the automobile from Mercantile Acceptance Corporation, and prayed for judgment against it for any sum that might be rendered against him. Upon trial to a jury, judgment was instructed in favor of Pickett and Mercantile Acceptance Corporation, but appellant was given judgment against Hebert for the amount of his debt.

The judgment in favor of Mercantile Trust Corporation is affirmed, In taking possession of the automobile it followed literally the powers given by its mortgage. This method of foreclosure extinguished appellant's second lien. Sabine Motor Co. v. W. C. English Auto Co. (Tex. Com. App.) 291 S. W. 1088. There is no proof that this defendant was under any obligation to Pickett to protect him against his assumption of appellant's note and lien. But the court erred in its instruction in favor of Pickett. Appellant offered credible evidence, which was excluded by the trial court, to the effect that after Hebert made default, Pickett, W. C. English Auto Company, and Hebert, contracted and agreed among themselves that Pickett would buy the car from Hebert, and assume and pay off the unpaid purchase-money notes, and after making this contract Pickett, in fact, made one payment thereon. This testimony was excluded on two grounds. First, that it was in proof of an oral promise to answer for the debt of another in violation of the statute of frauds. This was error. The testimony was admissible. The contract plead by appellant, and which he was supporting by this testimony, was not in violation of the statute of frauds. Mullin v. Motor Company (Tex. Civ. App.) 250 S. W. 472. The second ground for the exclusion of the testimony is also untenable. While the proof did not show that the provisions of article 1435 of the Penal Code were not complied with, the testimony was excluded on that theory. The failure to comply with the provisions of this article did not render void the contract by which Pickett was to assume and pay the note in question. Hennessy v. Automobile Owners' Insurance Ass'n (Tex. Com. App.) 282 S. W. 791, 46 A. L. R. 521. Reversed and remanded as to appellee Pickett, but affirmed as to appellee Mercantile Acceptance Corporation.

Affirmed in part and in part reversed and remanded.